CHAMPE S. ANDREWS, Plaintiff, *v.* ASA BIRD GARDINER, Defendant.

(Supreme Court, Rockland Special Term, July, 1917.)

Arrest — who not entitled to be discharged from custody on ground of exemption — bonds — habeas corpus — Military Law, § 235.

The Veteran Corps of Artillery of the state of New York is neither a part of the National Guard nor of the Naval Militia and a member of said corps who has given a bond for the jail

limits is not entitled to be discharged from custody on the ground that he is exempt from arrest by reason of being in the military service of the state.

Habeas Corpus proceedings.

George Edwin Joseph, for motion.

Louis Sturcke, opposed.

Tompkins, J.    The defendant, who was taken into custody by the sheriff of Rockland county on a body execution, and thereupon gave a bond for the jail limits, seeks now by writ of habeas corpus to secure his discharge on the ground that he is exempt by reason of being in the military service of the state. He is the colonel-commandant of the Veteran Corps of Artillery of the state of New York, which is not, in my opinion, a part of " the active militia of the state."

Section 235 of the Military Law of the state reads as follows: " No person belonging to the active militia of the state shall be arrested on any civil process while going to, remaining at, or returning from any place at which he may be required to attend for military duty."

Section 5 provides that the militia shall be divided into the active and reserve militia, and that " the active militia shall consist of the organized and uniformed military forces known as the national guard, and of the organized and uniformed naval forces known as the naval militia."

The organization of which the defendant is colonel-commandant is neither a part of the national guard nor of the naval militia. The adjutant-general of the state certifies that the Veteran Corps of Artillery is not a recognized unit of the national guard of the state.

It does not appear that the defendant's organization or the defendant himself has been designated or directed by the governor or the military authorities of the state for any specific or active military service. The fact that the organization has undertaken certain preparedness work, and has been commended and encouraged by the governor for so doing, does not entitle the members of the organization to exemption from arrest, nor does it satisfactorily appear from the moving papers that the defendant at the time he was taken into custody was '' going to, remaining at, or returning from any place at which he may be required to attend for military duty.'' For these reasons the defendant's petition will be denied and the writ of habeas corpus dismissed.

Ordered accordingly.